2000 OK JUD ETH 4

**JUDICIAL ETHICS OPINION 2000–4.**

Oklahoma Judicial Ethics Advisory Panel.

Aug. 8, 2000.

¶ 0 QUESTION 1: Can an administrative law judge act as a state appointed and supervised mediator in carefully monitored situations where a specific law clearly anticipates that said judge can and will act as a mediator if he or she is knowingly selected by the participants?

¶ 1 SPECIFIC FACTS: In 1999, the Oklahoma Legislature passed Senate Bill 235, which set up a method for gas well producers to file actions with the Oklahoma Corporation Commission requesting that pipeline gas gathering companies be required to transport the producers gas under certain circumstances. The act required the Commission to promulgate rules establishing a voluntary, non-binding, informal procedure to encourage the resolution of the disputes, either before or after the filing of a complaint. The Commission·established a method of mediating these matters and provided that administrative law judges (among others) should be prepared and available for duties as mediators. The participants to the mediation decide which category of commission employee should be assigned to mediate and the mediator is selected from a list of mediators maintained by the Corporation Commission who are certified under the Oklahoma Dispute Resolution Act, 12 O.S. § 1801, et seq., and must be mutually agreeable to the participants. The mediations are conducted under the provisions of the Oklahoma Dispute Resolution Act, are informal, non-judicial, voluntary and non-binding.

¶ 2 WE ANSWER: NO.

¶ 3 **Canon 4F: Service as Arbitrator or Mediator.** A judge should not act as an arbitrator or mediator.

¶ 4 The Canon is short and specific and does not allow for interpretation or exceptions. We note that the ABA Model Code

(Canon 4F) provides that a judge shall not act as an arbitrator or mediator "unless expressly authorized by law." The Code of Judicial Conduct for Oklahoma does not permit this exception.

¶ 5 Judges may act in settlement conferences as provided by Rule 5L of the Rules for District Courts of Oklahoma. The settlement conference judge is to facilitate settlement discussions and may impose requirements that seem proper to him in order to expedite an amicable resolution of the case. Mediation is defined under the Court Rules of the 7th and 26th Judicial Districts, CR–7–90–5: "Mediation is a process in which an impartial person, the mediator, facilitates communication between disputing parties to promote understanding, reconciliation, and settlement." Martin A. Frey, Professor of Law and Director, Center on Dispute Resolution, University of Tulsa College of Law, writing in Tulsa Law Journal, v. 33, p. 443, "Making Money in an ADR Environment," defines a settlement conference as a court sponsored mediation and early neutral evaluation conducted by an officer of the court; it is a non-binding process, private and non-coercive.

¶ 6 Title 12, Oklahoma Statutes, § 1824, described mediation, sets out what the mediator should do and establishes rules of conduct and procedure. Our analysis of Alternate Dispute Resolution under Oklahoma Law indicates little substantive difference between a settlement conference and mediation. The principal difference is that the settlement conference judge has discretion to evaluate the positions of the parties and to suggest solutions; but he is not required to do so and when he does not, his official title could very well be "mediator."

¶ 7 The problem presented would be resolved if our Supreme Court changed Canon 4F and permitted judicial participation in mediation established by a governmental entity or created by statute. For example, Canon 4F might be changed to the ABA Model Code:

> "Canon 4F. Service of Arbitrator or Mediator. A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law."

¶ 8 Likewise, the problem might be resolved by a few changes in the directive of the Corporation Commission so that it provides for a settlement conference rather than mediation.

¶ 9 In conclusion, we are not offering an opinion as to whether the amendments mentioned above should be made, but in answer to the question presented, absent such change or changes, we must state that "a judge should not act as arbitrator or mediator."

¶ 10 /s/ Robert L. Bailey
ROBERT L. BAILEY, Chairman
¶ 11 /s/ Robert A. Layden
ROBERT A. LAYDEN, Vice–Chairman
¶ 12 /s/ Milton C. Craig
MILTON C. CRAIG, Secretary